HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOEL A. SALDANA AND JESSICA SALDANA, husband and wife and their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF LAKEWOOD, a municipal corporation; and JAMES SYLER, in his official and individual capacity and JANE DOE SYLER and their marital community,<br><br>Defendants. | CASE NO. 11-CV-06066 RBL<br><br>ORDER ON DEFENDANT CITY OF LAKEWOOD'S MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

THIS MATTER comes before the Court on Defendant City of Lakewood's Motion for Judgment on the Pleadings [Dkt. #8]. The City argues that Mr. Saldana fails to allege facts sufficient to support his *Monell* claim and that his state-law claims fail as a matter of law. *Id.* at 1. Mr. Saldana argues that the facts alleged in the Complaint are sufficient, and discovery will further support the merits of his *Monell* and state-law claims. Further, Mr. Saldana moves to amend his Complaint. *See* Pl.'s Resp. [Dkt. #10]. The Court grants in part the City's motion, and grants leave to amend.

**I.     BACKGROUND**

On June 27, 2010, Plaintiff Noel Saldana was bitten by a City of Lakewood police dog named "Astor," under the supervision of Officer James Syler. According to the Complaint,

Officer Syler responded to a domestic altercation at Mr. Saldana's residence, arriving just as Mr. Saldana was leaving. Officer Syler ordered Mr. Saldana to turn and drop to the ground. After Mr. Saldana complied with the officer's command, Astor allegedly attacked him until the Officer intervened.

Mr. Saldana was hospitalized and treated for injuries that required surgical debridement, staples, and a skin graft. Mr. Saldana asserts in his opposition briefing that the City knew or should have known Astor was dangerous because Astor had previously inflicted a severe and unwarranted bite—although the Complaint does not include any such allegations. *See Conely v. City of Lakewood*, No. 11-cv-06064 (W.D. Wash. 2011) (Bryan, J.) (suit alleging nearly identical claims for injuries inflicted by Astor).

Mr. Saldana alleges that Officer Syler: (1) violated Mr. Saldana's fourth-amendment rights by using excessive force; (2) negligently failed to control Astor; (3) intentionally inflicted emotional distress; (4) committed assault and battery; that (5) the City of Lakewood is liable under a theory of respondeat superior; and lastly, and that (6) Officer Syler and the City are strictly liable under RCW § 16.08.040. Additionally, Mr. Saldana requests leave to amend the Complaint to include further factual support.

The City argues that judgment on the pleadings is warranted because: (1) Mr. Saldana failed to assert sufficient facts to support *Monell* liability; (2) tort claims against the City fail as a matter of law; and (3) the strict liability claims against Officer Syler should be dismissed because the City admits ownership of Astor.

## II. DISCUSSION

A Rule 12(c) motion is evaluated under the same standard as a motion under Rule 12(b)(6). The complaint should be liberally construed in favor of the plaintiff, and its factual allegations taken as true. *See, e.g.*, *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783,785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Id.* at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic

recitation of the elements of a cause of action." *Id.* A claim is facially plausible when a plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*).

   A.   **Civil Rights Claim Under § 1983**

The City argues that Mr. Saldana recites the elements of a *Monell* claim but fails to assert facts in support. To set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted pursuant to an official custom, pattern, or policy that violates the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991).

Additionally, a municipality may be liable for a "policy of inaction" where "such inaction amounts to a failure to protect constitutional rights." *Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2000) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Municipal liability for inaction attaches only where the policy amounts to "deliberate indifference." *Id*. Thus, a municipality may be liable for inadequate police training when "such inadequate training can justifiably be said to represent municipal policy" and the resulting harm is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); *id*. (quoting *Bd. of Cnty. Com'rs*, 520 U.S. at 409).

Accordingly, to impose liability on a local governmental entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must allege that: (1) they were deprived of their constitutional rights by defendants acting under color of state law; (2) the defendants had customs or policies which "amount to deliberate indifference"; and (3) these policies are the "moving force behind constitutional violations.'" *Lee*, 250 F.3d at 682 (quoting *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). But a municipality is not liable simply because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

Here, the Court must conclude that the Complaint lacks sufficient factual allegations to sustain a *Monell* claim against the City. Whether Plaintiff's claims are framed in the positive (an

affirmative policy, custom, or pattern) or in the negative (a failure to train or supervise or otherwise protect constitutional rights), the Complaint asserts only that Officer Syler failed to control Astor—nothing more. This does not meet the demands of *Monell*, and the claims are thus dismissed.

**B.     Mr. Saldana's State Law Claims**

Mr. Saldana presents claims against both Officer Syler and the City for negligent failure to train, negligent use of excessive force, infliction of emotional distress, and assault and battery. Mr. Saldana asserts that the City is vicariously liable for Officer Syler's conduct under *respondeat superior*.

Further, Mr. Saldana asserts strict liability claims under RCW §16.08.040 against both Officer Syler and the City.

**1.     State Law Negligence Claims Against the City of Lakewood**

Mr. Saldana advances two theories why the City should be directly liable for his injuries: (1) that the City negligently "failed to train, handle, and utilize the dog in a reasonable manner"; and (2) that the City is vicariously liable for Officer Syler's negligence because he acted within the scope of employment. Compl. ¶¶ 5.3, 6.2.

An employer is vicariously liable for the negligent acts of employees only when those acts occur within the scope of employment. *Shielee v. Hill*, 47 Wash. 2d 362, 365, 287 P.2d 479 (1951). A negligent supervision claim, in contrast, lies only when an employee acts outside the scope of employment. *Id.* at 367; *Gilliam v. Dep't of Soc. & Health Servs.*, 89 Wash. App. 569, 585 (1998) (noting that where defendant admits employee acted within scope of employment, and is thus vicariously liable, an action for negligent supervision would be "redundant").

Both the City and Mr. Saldana agree that Officer Syler acted within the scope of his employment. The facts are clear: Officer Syler responded to Mrs. Saldana's domestic-altercation call, and upon arrival, Astor bit Mr. Saldana. [Dkt. #1–1]. If Officer Syler acted negligently, then the City is automatically liable. If Officer Syler acted reasonably, then any claim against the City for negligent supervision would fail as a matter of law. *See Gilliam*, 89 Wash. App. at 585 ("If [plaintiff] proves [defendant's] liability, the State will also be liable. If [plaintiff] fails to prove [defendant's] liability, the State cannot be liable even if its supervision was negligent."). (The point is common sense, of course. A city may negligently train as many incompetent employees as it likes, but there is no suit unless one of those employees negligently harmed the

plaintiff.)  Washington law is also clear: where the parties agree that an employee acted within the scope of employment, a negligent training, hiring, or supervision claim against the employer is "redundant." *Id.*  Thus, because Mr. Saldana alleges (and the City agrees) that Officer Syler was acting within the scope of his employment, the negligence claims against the City are redundant and dismissed.

### 2. Strict Liability Claim Against Officer Syler

While the present motion encompasses only those claims directed at the City, the Court will address Mr. Saldana's claim for strict liability against Officer Syler.  *See* Compl. ¶ 9.2.  RCW § 16.08.040 imposes strict liability on the owner of any dog that bites another person:

> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

Because it appears undisputed that the City owns Astor (rather than Officer Syler), the strict liability claim against Officer Syler is dismissed.

### 3. Strict Liability Claim Against the City Under RCW § 16.08.040

Washington federal courts have applied RCW § 16.08.040 to police dogs and held municipalities liable.  *See Smith v. City of Auburn*, *et al.*, No. 04-cv-1829-RSM, 2006 WL 1419376, at *7 (W.D. Wash. May 19, 2006) (Martinez, J.) (applying RCW § 16.08.040 to police dogs); *Rogers v. City of Kennewick*, *et al.*, No. 04-cv-5028-EFS, 2007 WL 2055038, at *7 (E.D. Wash. July 13, 2007) (Shea, J.) (applying RCW § 16.08.040 to police dogs).  But, the strict liability claim hinges on whether the use of Astor was lawful: "[Strict liability] does not apply to the *lawful* application of a police dog . . . ."  *Id.* (emphasis added).

So, if Officer Syler's use of Astor was unlawful, the City is strictly liable; if lawful, the City is not liable.  The strict-liability claim against the City thus rises and falls with Plaintiff's other claims and survives here.

### C. Leave to Amend

Mr. Saldana requests leave to amend his Complaint to further plead additional facts to support his claims.  "A party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]he court may permit supplementation even though the original pleading is defective in stating a claim or defense."  Fed. R. Civ. P. 15(d).

It is within the district court's discretion to grant or deny leave to amend. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If a claim is not based on a proper legal theory, the claim should be dismissed. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Davis*, 371 U.S. at 182. In deciding whether to grant a motion to amend, a court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Id.*

Here, Mr. Saldana has not exhibited undue delay, bad faith or dilatory motive, or long standing deficiencies. Defendants are at little risk of prejudice because discovery has yet to begin. And finally, the Court cannot say conclusively that amendment would be futile. While Mr. Saldana has not proposed an amendment, he has offered some substance of the proposed amendment (a previous incident where Astor allegedly excessively injured a suspect). The Court will grant Mr. Saldana two weeks from the filing of this order to properly amend his Complaint.

### III. ORDER

Plaintiff's Motion to Amend is **GRANTED**. Plaintiff has **14 days** from the date below to sufficiently amend his Complaint and cure the deficiencies discussed above. If Plaintiff fails to cure those deficiencies, the Court's order **GRANTING IN PART** the City's Motion for Judgment on the Pleadings [Dkt. #8] will take effect as follows:

(1) The § 1983 Civil Rights Claims against the Defendant City of Lakewood are **DISMISSED**.

(2) Plaintiff's claims against the City of Lakewood for negligence, negligent use of excessive force, infliction of emotional distress, assault and battery, are **DISMISSED**.

Regardless of amendment, Mr. Saldana's strict-liability claim against Officer Syler is **DISMISSED** with prejudice.

Thus, the claims remaining against the Defendant City Of Lakewood are:

     a. Strict liability pursuant to RCW § 16.08.040.

     b. Vicarious liability for Officer Syler's conduct (regarding state-law claims).

Dated this 2nd day of July, 2012.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge